## PEOPLE v. SINGER.

GAMING—DISORDERLY PERSONS—EVIDENCE.

In prosecution of defendant as a disorderly person engaged in an illegal occupation or business, evidence disclosing that at the time of his arrest he possessed "mutuel tickets" and other materials commonly used in type of gaming known as mutuels or numbers, *held*, sufficient to sustain judgment of guilt notwithstanding such tickets were pastdated (Act No. 328, §§ 167, 168, 306, Pub. Acts 1931, as amended by Act No. 84, Pub. Acts 1939).

Appeal from Recorder's Court of Detroit; Van Zile (Donald), J. Submitted October 16, 1942. (Docket No. 108, Calendar No. 42,130.) Decided December 23, 1942.

Norman Singer was convicted of being a disorderly person. Affirmed.

*Sidney Sherman* and *Abe Messenger,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Harold Helper,* Assistant Prosecuting Attorney, for the people.

NORTH, J. On trial without a jury in the recorder's court of Detroit, defendant was convicted of being a disorderly person. He was sentenced and, leave having been granted, he has appealed.

Prosecution was under section 167, of the Michi-

gan penal code, Act No. 328, Pub. Acts 1931, as amended by Act No. 84, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 17115–167, Stat. Ann. 1942 Cum. Supp. § 28.364). The pertinent portion of the section reads: ''Any person who engages in an illegal occupation or business * * * shall be deemed a disorderly person.'' The next section of the statute [*] provides: ''Any person convicted of being a disorderly person shall be guilty of a misdemeanor,'' and subject to the prescribed penalty. The complaint and warrant charged that at a time and place specified defendant ''was a disorderly person engaging in an illegal occupation or business, to-wit: possession of mutuel tickets.''

At the trial abundant testimony was produced to prove beyond a reasonable doubt that at the time and place of defendant's arrest on July 5, 1942, he had in his possession a large supply of mutuel pads, some used and some new and unused; mutuel tip sheets, one of which was dated July 3, 1942; and also pay-off envelopes. All of the foregoing are commonly used in a type of gaming known as mutuels or numbers.

''All policy or pool tickets, slips or checks, memoranda of any combination or other bet, manifold or other policy or pool books or sheets, are hereby declared a common nuisance. * * *

''The possession of any such articles, or of any other implements, apparatus or materials of any other form of gaming, shall be prima facie evidence of their use, by the person having them in possession, in the form of gaming in which like articles are commonly used.'' Act No. 328, § 306, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–306, Stat. Ann. § 28.538).

---

[*] Act No. 328, § 168, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–168, Stat. Ann. § 28.365).—REPORTER.

· The record does not disclose that at the time of his arrest defendant possessed any "mutuel tickets" except those that had been used or bore a prior date. In consequence of this circumstance, defendant urges that "possession of pastdated mutuel tickets" was not a violation of the statute; and even if it was a violation "the mere possession of such mutuel tickets" is not proof that the possessor was engaged "in an illegal occupation or business" in violation of the above-cited statute defining disorderly persons. But in taking that position defendant attempts to unduly restrict the scope of the charge made against him in the complaint and warrant, and overlooks the above-quoted statutory provision which makes possession of gaming tickets, slips, memoranda, et cetera, prima facie evidence of their use by the possessor in the form of gaming in which like articles are commonly used. Defendant was charged as a "disorderly person engaging in an illegal occupation or business" in violation of the statute designated in the complaint and warrant. Notwithstanding defendant and another testified in his behalf, and sought to show that defendant was not connected with the alleged illegal business, the people's testimony to the contrary was sufficient to support the court's judgment that defendant was guilty. That judgment and the sentence imposed are affirmed.

CHANDLER, C. J., and BOYLES, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.